Opinion issued October 6, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-15-00270-CR

### NO. 01-15-00271-CR

———————————

**KENNETH LEAKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1451849 and 1451850**

---

## MEMORANDUM OPINION

Pursuant to his agreements with the State, appellant, Kenneth Leaks, pleaded

guilty to the felony offense of possession of a firearm by a felon and the

state-jail-felony offense of evading arrest or detention with a previous conviction.[1] The trial court accepted the plea agreements, assessed appellant's punishment at confinement for two years for the offense of unlawful possession of a firearm by a felon, and 210 days for the offense of evading arrest or detention, with the sentences to run concurrently, and certified that these are plea-bargained cases and appellant has no right of appeal. Appellant filed a *pro se* notice of appeal in each case. We dismiss the appeals.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680

---

[1] *See* TEX. PENAL CODE ANN. §§ 38.04(a), (b)(1)(A) (West Supp. 2014), 46.04 (West 2011).

2

(Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss appellant's motion to withdraw his appeal, filed in each appeal, and all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).